IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:16-cr-090 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER DENYING DEFENDANT'S** |
| ROBERT LAMBERT, : | **MOTION FOR COMPASSIONATE** |
| : | **RELEASE** |
| Defendant. : | |
| : | |

This matter is before the Court on Defendant's Motion to Reduce Sentence and supplement to his Motion (Docs. 55, 56). The United States opposes Defendant's Motion. (Docs. 63.) For the reasons set forth below, Defendant's Motion will be **DENIED**.

**I.      BACKGROUND**

On July 27, 2017, Defendant Robert Lambert entered into a plea agreement in this matter. (Doc. 33.) As part of the plea agreement, Lambert pled guilty to Counts 3 and 4 of the Indictment, which charged him with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4).

Pursuant to the Statement of Facts to which he admitted, in August 2016, Hillsboro, Ohio police initiated an investigation involving Lambert after having been informed by two minors that Lambert had taken photographs and videos of them at his home. (Doc. 33 at PageID 112.) According to the minors, they were either nude or engaged in sex acts when Lambert took the photographs and videos. (*Id*.) Lambert's acquaintance confirmed that Lambert, under the alias of "Bobby Dale," sent him images and videos of the minors performing sex acts using Facebook messenger and told him that the ages of the minors were "16 and 17 legal in [O]hio." (*Id*.)

Law enforcement executed a search warrant at Lambert's residence and seized computers, computer devices, a camera, a cell phone, and other items capable of containing media. (*Id*.) Among the materials found on Lambert's computer were the images and videos sent by "Bobby Dale" via Facebook messenger, numerous other images depicting the minors engaged in sexually explicit conduct or nude, and a significant number of other child pornographic images not produced by Lambert depicting other children engaged in sexually explicit conduct. (*Id*. at PageID 112.) Those depictions included images of children less than 12 years of age who had been identified by law enforcement and displayed lascivious exhibitions, among various sex acts. (*Id*. at PageID 112–13.)

On January 5, 2018, Lambert was sentenced to 132 months of imprisonment on each count to run concurrently followed by eight years of supervised release on each count to run concurrently. (Doc. 157.) Taking into account Lambert's community service, the Court deviated downward from the 188–235 month range recommended in the United States Sentencing Guidelines ("Guidelines"). He is currently incarcerated at Devens Federal Medical Center and has served roughly twenty-five percent of his sentence with a projected release date of May 21, 2027.

After sentencing, the world was upended by the COVID-19 pandemic. COVID-19 is caused by a severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and was recognized as a pandemic in March 2020. On May 29, 2020, Lambert requested compassionate release, available under 18 U.S.C. § 3582(c)(1)(A), from the Warden of his prison based upon his medical conditions and risk of contracting COVID-19. (Doc. 56-1 at PageID 208.) The request was denied on June 10, 2020. (*Id*. at 208–209.) On June 19, 2020, Lambert was informed

verbally and in writing that his request for compassionate release was denied. (*Id*. at PageID 209.)

On July 18, 2020, Lambert filed the instant Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 55, 56.[1]) The Government filed a response in opposition on October 16, 2020. (Doc. 63.[2]) Lambert is 66 years old and has the following medical conditions: hypertension, hyperlipidemia, barrett's esophagus, obstructive sleep apnea, myasthenia gravis, diabetes mellitus type II, diabetic neuropathy, meningioma, obesity, and anemia. (Doc. 56-1 at PageID 208.) Lambert argues: (1) his medical conditions and age make him vulnerable to serious illness and death if he contracts COVID-19 while incarcerated; and (2) he has already served time sufficient to satisfy the purposes of his sentencing and believes he will be productive if released. His release plan is to reside at a friend's home.

## II. LEGAL STANDARD AND ANALYSIS

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). "The compassionate release provisions were first included in the Sentencing Reform Act of 1984 . . . to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. Jan. 8, 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of

---

[1] He since has obtained representation from the federal public defender, who rests on Defendant's original Motion and supplement. (Doc. 58.)
[2] Lambert, through counsel who does not represent him, filed a reply brief which the Court will disregard as it was not filed by his current attorney. (*See* Doc. 64.) Regardless, the reply brief would not change the outcome of the Court's ruling.

3

proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020).

Compassionate release motions are governed by 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3582(c)(1)(A)(i):

> The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the case at bar, Lambert exhausted the required administrative remedies.[3] (Doc. 56-1 at PageID 208–209.) However, the Court may grant his compassionate release only if "after considering the factors set forth in [18 U.S.C.] section 3553(a)[4] to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction;" the defendant is "not a danger to the safety of any other person or to the community, as provided in

---

[3] Lambert requested compassionate release from the Bureau of Prisons, but the Warden denied his request on June 10, 2020. (Doc. 56-1 at PageID 208–09.) On June 19, 2020, Defendant was notified of the denial of compassionate release request. (*Id.*)

[4] The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3142(g)[5];" and the reduction is consistent with the applicable Sentencing Commission policy statements.[6] 18 U.S.C. § 3582(c)(1)(A)(i).

## III. ANALYSIS

### A. Extraordinary and Compelling Reason

Lambert suffers from conditions the Centers for Disease Control and Prevention ("CDC") has identified as increasing an individual's risk of severe illness from COVID-19, including: obesity, severe obesity, and type 2 diabetes mellitus. CENTERS FOR DISEASE CONTROL AND PREVENTION, CORONAVIRUS DISEASE 2019 (COVID-19), *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 12, 2020). In addition, the following conditions may cause an increased risk for severe illness from COVID-19: hypertension and being overweight. (*Id.*) Lambert is 66 years of age, and the CDC reports that as an individual gets older, the risk for severe illness from COVID-19 increases. CENTERS FOR DISEASE CONTROL AND PREVENTION,

---

[5] Under 18 U.S.C. § 3142(g):
    (g) Factors to be considered.--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
    (2) the weight of the evidence against the person;
    (3) the history and characteristics of the person, including--
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

[6] The applicable Sentencing Commission policy statements are contained in Sentencing Guideline § 1B1.13, and the accompanying commentary. However, "this statement is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act." *Ebbers*, 432 F. Supp. 3d at 427.

CORONAVIRUS DISEASE 2019 (COVID-19), *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited November 12, 2020).

Although the Court is sympathetic that Lambert suffers from medical conditions that place him at increased risk from COVID-19, it does not find that his conditions rise to the level warranting his compassionate release.  First, the Warden of his prison maintains that "FMC Devens is able to manage [Lambert's] medical needs at this time."  (Doc. 208 at PageID 56-1.)  In addition, Lambert's medical conditions are not extraordinary.  By way of comparison, the Court found an extraordinary and compelling reason for compassionate release where an inmate suffered from a long list of severe medical conditions, some of which were non-recoverable and rendered the inmate non-ambulatory.  *United States v. Smith*, No. 15-cr-119 (S.D. Ohio Nov. 10, 2020) (Doc. 327) (granting motion for compassionate release).  Lambert's conditions simply do not rise to the same rare and extraordinary level.  The same applies to Lambert's age.  Although he is of increased age, he is not extraordinarily vulnerable due to his age of 66.

Even if the Court were to find that Lambert's medical conditions and age present an extraordinary and compelling reason for his release, the Court finds that Lambert remains a risk of danger to the community and the 18 U.S.C. § 3553(a) sentencing factors weigh against his release.

### B. 18 U.S.C. § 3553(a) Sentencing Factors and Whether Defendant is a Danger to the Community

The Court next will consider the sentencing factors and whether Defendant is a danger to the community.  Among the factors to be considered are the nature and characteristics of the Defendant's offense; the Defendant's criminal history; the need for the sentence imposed to reflect the seriousness of the Defendant's conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted sentencing disparities.

The two offenses to which Lambert pled guilty, distribution and possession of child pornography, are very serious offenses.  Although the crimes are "non-violent," they are not victimless crimes.  The sexual exploitation of children significantly impacts a vulnerable population.  The evidence in this case also demonstrates Defendant's role in filming and photographing children engaged in sexual acts.   Further, the offenses were perpetrated from Defendant's home, so a home setting does not mitigate his risk to the community.

Because of the severity of his crimes and the specific facts underlying them, the Court sentenced Lambert to a significant term of 132 months of imprisonment on each count to run concurrently, followed by eight years of supervised release on each count to run concurrently.  (Doc. 157.)  Lambert's sentence already reflects a downward departure from the Guidelines range.  To date, Lambert has served only about twenty-five percent of his sentence.  The Court is concerned that reducing Lambert's sentence further would not reflect the seriousness of his conduct, deter similar conduct, or protect the public.

Lastly, although Lambert does not have any other significant criminal history, he did suffer from serious medical issues when he was sentenced.  Those medical conditions did not thwart his ability to engage in child exploitation crimes.  Unlike the *Smith* case, the Court does not find Defendant's physical condition removes or reduces his risk to the community.  *See Smith,* No. 15-cr-119 (S.D. Ohio Nov. 10, 2020) (Doc. 327) (defendant's condition was so deteriorated she no longer posed a threat to the community).

For these reasons, the Court concludes that the Defendant remains a danger to the community and the 18 U.S.C. § 3553(a) sentencing factors do not support a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## IV. CONCLUSION

After careful consideration and for the reasons set forth herein, Defendant's Motion for Compassionate Release (Doc. 55, 56) is **DENIED**.

**IT IS SO ORDERED.**

                                                S/Susan J. Dlott_____
                                                Judge Susan J. Dlott
                                                United States District Court